```
                                              ____FILED    ____ENTERED
                                              ____LODGED   ____RECEIVED
IN THE UNITED STATES DISTRICT COURT              JUN 1 4 2005
     FOR THE DISTRICT OF MARYLAND
                                                 AT GREENBELT
                                              CLERK U.S. DISTRICT COURT
                                                DISTRICT OF MARYLAND
MICHAEL VERTON SAUNDERS,      *            BY                    DEPUTY
#30726-037
     Petitioner               *

v.                            *      Civil Action No. DKC-05-1366
                                     Civil Action No. DKC-05-1558
                              *      Criminal No. DKC-96-204

WARDEN STEPHEN DEWALT,
     Respondent               *
                         *******
```

## MEMORANDUM

On May 17, 2005, Petitioner Michael Verton Saunders, a federal prisoner, filed this pro se 28 U.S.C. §2241 motion for habeas corpus relief in which he asserts that his sentence was impermissibly calculated in light of the Supreme Court's recent decision in *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004).[1] Petitioner contends that his sentence is constitutionally invalid because it was enhanced based on his having been found to be a career offender by a preponderance of the evidence considered by the court, not by his own admission or beyond a reasonable doubt by a jury. *See* Paper No. 1.

In his application for federal habeas relief, Petitioner is seeking to collaterally attack the validity of his sentence, not the execution of his sentence. As such, this pleading is more properly before the court as a motion under 28 U.S.C. §2255. *See In re Jones*, 226 F. 3d 328, 332 (4th Cir. 2000) (holding that a post conviction challenge to conviction or sentence must be made under §2255

---

[1] The Petition was docketed as a petition for habeas corpus relief filed pursuant to 18 U.S.C. § 2241 in Civil Action No. DKC-05-1366 and, for the reasons that follow, a motion to vacate filed pursuant to 28 U.S.C. § 2255 in Civil Action No. DKC-05-1588.

unless certain criteria, neither presented in the case *sub judice*, are satisfied.)[2] It is well settled that regardless of the caption used by a petitioner, it is the subject matter of the motion for collateral review and not its title which determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Therefore, this motion shall be construed as a motion under 28 U.S.C. § 2255.

Petitioner's first 28 U.S.C. §2255 motion challenging his predicate criminal conviction and sentence was dismissed with prejudice on February 8, 1999. *See United States v. Saunders*, Criminal No. DKC-96-204 (D.Md. 1996). Consequently, the instant motion represents the petitioner's second § 2255 challenge to his conviction and sentence.

As Petitioner is aware, he may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255;.[3] *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997)(*en banc*) Petitioner has not complied with this provision.[4] Accordingly, the court is

---

[2] Plaintiff asserts that he is actually innocent. This assertion, however, is a bootstrapping of his underlying argument. He argues that the finding of career offender status which enhanced his sentence is invalid based on *Blakely*. He argues, therefore, he is actually innocent of being a career offender and entitled to challenge his sentence under § 2241 because he has been denied leave to file a second motion under § 2255. This circular reasoning is not sufficient to circumvent the gate keeping provisions of § 2255.

[3] Section 2255 provides:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable

[4] Attached to this memorandum are the instructions issued by the United States Court of Appeals for the Fourth Circuit for filing to obtain the aforementioned authorization.

without jurisdiction to review the motion, and the petition shall be dismissed by separate order.

_June 14, 2005_
Date

_/s/ Deborah K. Chasanow_
DEBORAH K. CHASANOW
United States District Judge

3